**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESE LALUMIERE,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>WILLOW SPRINGS CARE, INC., a<br>Washington corporation; et al.,<br><br>            Defendants-Appellees. | No.   17-35935<br><br>D.C. No. 1:16-cv-03133-RMP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 16, 2019[**]
Seattle, Washington

Before:  HAWKINS and W. FLETCHER, Circuit Judges, and SEEBORG,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

The district court granted summary judgment against appellant Therese Lalumiere on her claims against her former employer and supervisors for intentional infliction of emotional distress, retaliation, false imprisonment, and violations of federal law regarding medical leave. We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is de novo. *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016). We affirm.

No reasonable jury could find Lalumiere suffered actionable intentional infliction of emotional distress (IIED). To establish IIED a plaintiff must prove: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v Bokor*, 66 P.3d 630, 632 (Wash. 2003). A claim of IIED or "outrage" must be predicated on behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (internal quotation marks and citations omitted). There is no cause of action for IIED for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*.

The evidence to which Lalumiere points shows ordinary workplace disputes and conflict; it would not support a determination by a trier of fact that Lalumiere was subjected to IIED, even assuming she is correct that some or all of the allegations against her could have been rebutted. Similarly, the record regarding

2                                                                    17-35935

the supervisor-employee interactions lasting approximately fifteen minutes in the workplace conference room on April 19, 2015 presents no material dispute of fact that, if resolved in Lalumiere's favor, would be sufficient to support a judgment against appellees on the IIED claim.

Likewise, the district court correctly found no triable issue of fact to support the false imprisonment claim. Lalumiere relies on *Moore v. Pay'N Save Corp.*, 581 P.2d 159, 163 (Wash. Ct. App. 1978), which states, "If the words and conduct are such as to induce a reasonable apprehension of force and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty as by prison bars." It may be that Lalumiere, as an employee, felt compelled to comply with her supervisor's instruction to go to the conference room, at the risk of suffering negative employment consequences. Lalumiere points to no authority, however, recognizing a "false imprisonment" claim predicated on an employee's decision to follow instructions to go to, or remain in, a particular location. While Lalumiere expresses she subjectively felt fear, no reasonable trier of fact could conclude appellees' conduct induced a reasonable apprehension of force or that Lalumiere was otherwise falsely imprisoned.

Lalumiere's claims under the Federal Family Medical Leave Act (FMLA), 29 USC § 2615(a)(1), and the corresponding provisions of the Washington Family Leave Act, WASH. REV. CODE § 49.78.300(1)(a), also present no triable issues of

3                                                                    17-35935

fact. Section 2615(a)(1) of the FMLA makes it unlawful for an employer to "interfere with, restrain or deny" an employee's exercise or attempted exercise of any right under the act, but it "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). The Washington Family Leave Act "must be construed to the extent possible in a manner that is consistent with similar provisions, if any, of the [FMLA], . . . and that gives consideration to the rules, precedents, and practices of the federal department of labor relevant to the federal act." WASH. REV. CODE § 49.78.410. The undisputed evidence that Lalumiere was granted paid leave within approximately fifteen minutes or less of first requesting it, precludes any conclusion by a reasonable trier of fact that appellees violated federal or state medical leave law.

The district court also did not err in rejecting Lalumiere's claim of negligent hiring, which requires a plaintiff to prove (1) the employer knew or, in the exercise of ordinary care, should have known of its employee's unfitness; and (2) the negligently hired employee proximately caused injuries to plaintiff. *Carlsen v. Wackenhut Corp.*, 868 P.2d 882, 886 (Wash. Ct. App. 1994). Lalumiere presents no facts or law that would preclude appellees from employing a yet-to-be licensed "administrator in training," and has not shown she suffered any harm as a result of that hiring.

Finally, regardless of the precise statutory or common law basis of the claims, no reasonable fact-finder could conclude Lalumiere suffered actionable retaliation. The record is devoid of evidence that appellees had knowledge of whistleblowing activity to which they responded with adverse employment action against Lalumiere.

**AFFIRMED.**

17-35935